IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 16-06084-CV-SJ-ODS |
| JET MIDWEST TECHNIK, INC., | ) ) ) | |
| Defendant. | ) | |

<u>ORDER AND OPINION (1) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, (2) DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT, AND (3) DISMISSING MATTER WITHOUT PREJUDICE</u>

Pending are Plaintiff Travelers Property Casualty Company of America's motion for summary judgment (Doc. #59), and Defendant Jet Midwest Technik, Inc.'s motion for partial summary judgment (Doc. #60). Because the Court finds Plaintiff failed to exhaust its administrative remedies, the Court denies both motions, and dismisses the matter without prejudice.

## I. BACKGROUND

Plaintiff, a stock insurance company, issued a workers' compensation and employers' liability insurance policy to Defendant in January 2013 as part of Missouri's residual market for workers' compensation. Doc. #68, at 3. Defendant, whose business involves painting aircraft, provided an application in which Defendant estimated its payroll during the policy term, and provided code classifications which were used to calculate premium due on the policy.[1]  *Id.*

In June 2013, pursuant to the policy terms, Plaintiff conducted an audit of Defendant's business to determine whether the code classifications appropriately captured the type of work performed by Defendant's employees. *Id.* at 11. Based on

---

[1] A code classification corresponds to the type of work done by an insured's employees. For example, Code 8810 applies to clerical office employee work. Doc. #69, at 6.

the audit, Plaintiff endorsed the policy to add an additional code classification to include coverage for work painting aircraft exceeding thirty feet in height.  *Id.* at 12-13.  The parties disagreed about the applicability of this additional code, and the amount of payroll applied to various code classifications under the policy.  In October 2013, the National Council on Compensation Insurance conducted a site inspection and issued a report about Defendant's operations, but the parties dispute the correct interpretation and application of this report.  *Id.* at 18-27.  Based on the disagreement and non-payment of premium Plaintiff alleged were due, Plaintiff cancelled the policy in December 2013.  *Id.* at 27.

A final audit was conducted, but the parties continued to disagree about the amount, if any, of premium Defendant owed Plaintiff.  Most relevant to the Court's decision, Defendant filed a dispute before the Missouri Workers' Compensation Determinations Review Board ("the Board") in August 2015.  *Id.* at 44.  The Board determined "the entire payroll for [Defendant's] employees that paint aircraft that exceeds 30 feet in height is correctly classified to Code 5037.  Based on the documents presented during the Board meeting, the payroll correctly classified to Code 5037 is $76,620.  The balance of painting payroll is correctly classified to Code 5474."  Doc. #62-8, at 3.  The Board informed the parties of their right to appeal, which will be discussed in further detail infra.  *Id.*

To date, Defendant has paid $151,462.57 under the policy.  Doc. #69, at 47.  Plaintiff believes it is owed additional premium based on its calculations and audits, and filed this suit seeking to recover that amount.  Defendant moves for partial summary judgment, asking the Court to find as a matter of law that the Board's ruling is binding on Plaintiff.  Doc. #61, at 8.  Plaintiff moves for summary judgment on Counts I and II, alleging a breach of contract and account stated.  Doc. #62, at 35.

## II.  DISCUSSION

Defendant argues Plaintiff failed to exhaust administrative remedies by failing to appeal the Board's decision, and thus, is prohibited from contesting the Board's findings in this Court.  Plaintiff argues the Board's decision was the result of a non-contested

case, and therefore, Plaintiff was not required to exhaust administrative remedies prior to filing this suit.

(1)

Under Missouri law, when a remedy before an administrative agency is available, Plaintiff must ordinarily exhaust those remedies before a court can act. *Lederer v. Dir. of Div. of Aging*, 865 S.W.2d 682, 684 (Mo. Ct. App. 1993) (citations omitted). The exhaustion requirement prevents premature interference with agency process, and affords courts the benefit of administrative experience and expertise in matters of which the agency is most knowledgeable. *See Farm Bureau Town & Country Insur. Co. of Mo. v. Angoff*, 909 S.W.2d 348, 352 (Mo. banc. 1995). The Court lacks subject matter jurisdiction if administrative remedies are not exhausted prior to judicial review. *Lederer*, 865 S.W.2d at 684 (citation omitted). Accordingly, the Court must dismiss the matter if Plaintiff failed to exhaust its administrative remedies. *Nowden v. Div. of Alcohol & Tobacco Control*, No. 79897, 2017 WL 1485545, at *2 (Mo. Ct. App. Apr. 25, 2017) (citation omitted).

The Court must determine whether an administrative remedy was available to Plaintiff, and whether Plaintiff was required to pursue an administrative remedy prior to filing this suit. In 1993, the Missouri legislature authorized the Director of the Department of Insurance, Financial Institutions and Professional Registration ("the Director") to develop a residual market "that will guarantee insurance coverage and quality loss prevention and control services for employers seeking coverage through the plan." Mo. Rev. Stat. § 287.896 (2017). Subsequently, the Director formalized operations of a new Alternative Residual Market Plan ("ARM Plan"). 20 C.S.R. § 500-6.960. A "Dispute Resolution Procedure" contained in this regulation provides:

> (A) Any person affected by the operation of the ARM Plan including, but not limited to, insured employers, covered employees, producers, the contract carrier, the plan administrator, a servicing carrier or a direct assignment carrier who may have a dispute with respect to any aspect of the plan, may seek a review of the matter by the department by setting forth in writing with particularity the nature of the dispute, the parties to the dispute, the relief sought and the basis thereof. The department may secure such additional information as it deems necessary to make a decision.

3

> (B) Appeals from insured employers and covered employees on plan matters regarding individual employer disputes shall be within the jurisdiction of the mechanism established to handle such appeals under the applicable insurance laws, including section 287.335, RSMo....

20 C.S.R. § 500-6.960(10)(A)-(B). Section 287.335, in turn, established the previously referenced Board within the Department of Insurance ("the Department"). Mo. Rev. Stat. § 287.335(1) (2017). Pursuant to the statute, the Board reviews uniform code classifications, basic manual rule interpretations, uniform experience rating plan rule interpretations, calculations of an individual employer's modification factor, Missouri assigned risk plan underwriting rule interpretations, and any other related uniform rule interpretations not addressed by prior Department rules and regulations. *Id.*

Following an application by an insured employer, the Board has the authority to review code classifications made on the employer, and can change an erroneous code classification by placing the employer under a different code classification or creating a new code classification. § 287.355(2). If a party objects to the Board's findings, "[a]n appeal from the determination of an appropriate classification by the board may be made to the director of the department of insurance, financial institutions and professional registrations." *Id.*

Here, Defendant alleges Plaintiff applied incorrect code classifications to calculate premium due for the policy, which was available under the ARM Plan. Pursuant to the dispute resolution procedures available, Defendant sought review of the assigned code classifications before the Board. The Board conducted a hearing, and determined the correct division of Defendant's payroll to code classifications at issue, as set forth above. The Board informed the parties, in a section titled "Right to Appeal," of their opportunity to appeal the Board's decision to the Department of Insurance. Doc. #62-8, at 3 ("Under provisions of Missouri Statute 287.335 you may appeal the decision of the Board to the Missouri Department of Insurance. Please contact the Missouri Department of Insurance within thirty (30) days of the date of this letter if you wish to pursue this option.").[2]

---

[2] The Board's letter is dated September 7, 2015. Doc. #62-8, at 1.

Section 287.355 and the Board's letter to the parties indicate an administrative remedy was available. Under section 287.355, an appeal may be made to the Director if the Board renders an unfavorable decision. Plaintiff received notice of this administrative remedy via the Board's decision, and was given a deadline by which to pursue that option. Moreover, the Missouri regulation governing the operation of the ARM Plan points to section 287.355 as the appropriate mechanism to handle a dispute such as the one presented in this suit. *See* 20 C.S.R. § 500-6.960(10)(A)-(B). Although Plaintiff did not pursue it, an administrative remedy was available.

(2)

Having determined an administrative remedy was available, the Court must determine whether Plaintiff was required to exhaust that remedy prior to seeking judicial review. Plaintiff contends the Board's hearing was a non-contested case, to which the exhaustion of remedies doctrine does not apply. Defendant maintains Plaintiff was required, pursuant to applicable insurance statutes and regulations, to exhaust its administrative remedies prior to filing suit in this Court.

Under Missouri law, administrative remedies must be exhausted prior to judicial review in contested cases, but exhaustion of administrative remedies is not required in non-contested cases. *See Nowden*, 2017 WL 1485545, at *2. A non-contested case is one "made without any requirement of an adversarial hearing at which a measure of procedural formality is followed." *Id.* (quoting *Strozewski v. City of Springfield*, 875 S.W.2d 905, 906 (Mo. banc. 1994)). A non-contested case is subject to judicial review "if the decision is not subject to administrative review and determines 'the legal rights, duties or privileges of any person.'" *Id.* (quoting Mo. Rev. Stat. § 536.150.1). When administrative review does not present parties with the procedural formalities and adversarial nature of a contested case, exhaustion of remedies is not required. *Id.* at 3. However, whether the matter is contested or non-contested, a party must exhaust its administrative remedies if the applicable statute provides further administrative remedies. *See Impey v. Mo. Ethics Comm'n*, 442 S.W.3d 42, 46 (Mo. banc 2014).

Case law does not specifically address exhaustion of remedies under the dispute resolution procedures in 20 C.S.R. § 500-6.960(10)(A)-(B) and section 287.355.

5

Plaintiff argues the lack of procedural formalities in the Board's hearing process establishes the non-contested nature of this matter and ends the inquiry.[3] But Plaintiff had a statutory right to seek review of the Board's decision by the Director. Defendant argues the statutory and regulatory scheme only provides an appeal "may" be made, but does not require it. Missouri courts have required exhaustion of administrative remedies where parties "may" seek review. *See State ex. rel. Oakwood Manor Nursing Ctr. v. Stangler*, 809 S.W.2d 90, 92 (Mo. Ct. App. 1991) (statute providing parties "...may seek review by the administrative hearing commission..." held to require exhaustion of administrative remedies). The Eighth Circuit addressed a similar Arkansas insurance market and determined exhaustion of remedies was required where the applicable regulation provided an appeal "may" be made to the Insurance Commissioner. *See Calico Trailer Mfg. Co., Inc. v. Ins. Co. of N. Am.*, 155 F.3d 976, 977-78 (8th Cir. 1998).

While Plaintiff notes nothing in section 287.355 requires the Director to provide a hearing on appeal that would make the matter a contested case, the Court cannot ignore the statutory and regulatory scheme governing the operation of the ARM Plan and the Board. This scheme gives a clear indication that the Director shall have an opportunity to review and render a decision when an insured employer has a dispute concerning an ARM Plan.[4] Although the Board's decision was the result of a non-contested case, Plaintiff was required by statute to seek review of the Board's decision by the Director. Mo. Rev. Stat. § 287.335(2); *see also Impey*, 442 S.W.3d at 47 n.5

---

[3] According to the parties, the Board did not take evidence under oath, maintain an evidentiary record or follow rules of evidence, or make findings of fact or law, and the parties were not represented by their attorneys.

[4] The parties dispute the relevance of Plaintiff's brief to and the Missouri Court of Appeals decision in *Travelers Commercial Casualty Company v. Vac-It-All Services, Inc.*, 451 S.W.3d 301 (Mo. Ct. App. 2014). Contrary to Plaintiff's assertion, the appeals court did not find code classifications are appropriately raised in courts without first exhausting remedies. *Id.* at 311 ("Thus, even if Travelers is correct that a challenge to an insurer's classification must first be raised in the Department of Insurance and all of its administrative remedies exhausted before coming to court, that simply was not the issue brought to or determined by this court or this jury in this case."). Instead, the issue was a breach of contract counterclaim based on the cancellation of a policy, not the proper code classifications in a dispute over the amount of premium owed as presented in Plaintiff's breach of contract claim before this Court. *Id.*

(stating "[e]ven assuming the probable cause determination resulted from a non-contested case, Impey was required by statute to seek AHC review."). Only then is a decision final and subject to judicial review. *See* 20 § C.S.R. 500-6.960(10)(B)(1) ("The department's decision shall be final, subject to court review."). Given the statutory and regulatory scheme governing operation of Missouri's ARM Plan, the Court holds Plaintiff was required to exhaust its administrative remedies by seeking the Director's review after receiving an unfavorable decision by the Board.

(3)

Having determined Plaintiff failed to exhaust its remedies prior to seeking judicial review as required under Missouri law, the Court must turn to the appropriate way to resolve this matter. Although Defendant argues Plaintiff failed to exhaust administrative remedies, Defendant asks the Court to find as a matter of law that the Board's ruling is binding on Plaintiff. However, the Court lacks subject matter jurisdiction if administrative remedies are not exhausted. *Lederer*, 865 S.W.2d at 684. The Court cannot grant Defendant's motion for partial summary judgment, rather the case must be dismissed without prejudice for lack of subject matter jurisdiction. *Nowden*, 2017 WL 1485545, at *2; *Calico Trailer Mfg. Co.*, 155 F.3d at 978. Accordingly, the Court denies Defendant's motion for partial summary judgment, and denies Plaintiff's motion for summary judgment.

### III. CONCLUSION

For the reasons above, the Court denies Plaintiff's motion for summary judgment, denies Defendant's motion for partial summary judgment, and dismisses this matter without prejudice.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: June 26, 2017       UNITED STATES DISTRICT COURT