IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 16-06084-CV-SJ-ODS ) |
| JET MIDWEST TECHNIK, INC., | ) ) |
| Defendant. | ) |

## ORDER AND OPINION DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Pending is Plaintiff's Motion for Summary Judgment on Count I. Doc. #59. For the following reasons, the motion is denied.

### I. BACKGROUND

Plaintiff issued a workers' compensation and employers' liability insurance policy to Defendant in January 2013 as part of Missouri's residual market for workers' compensation. Doc. #68, at 3. The policy premium was calculated based upon Defendant's application for insurance. Relevant to the pending motion, Defendant included its estimation of payroll during the policy term, and code classifications. Code classifications correspond to the type of work performed by an insured's employee.

In June 2013, Plaintiff conducted an audit of Defendant's business to determine whether the code classifications appropriately captured the type of work performed by Defendant's employees. *Id.* at 11. Based on the audit, Plaintiff endorsed the policy to add another code classification to cover work painting aircraft exceeding thirty feet in height. *Id.* at 12-13. The parties disagreed about the applicability of this additional code, and the amount of payroll applied to various code classifications under the policy. In October 2013, the National Council on Compensation Insurance conducted a site inspection, and issued a report about Defendant's operations. The parties dispute the interpretation and application of this report. *Id.* at 18-27. Based on the parties'

disagreement and non-payment of premium Plaintiff alleged was due, Plaintiff cancelled the policy in December 2013. *Id.* at 27.

A final audit was conducted, but the parties continued to disagree about the amount, if any, of premium owed to Plaintiff. In August 2015, Defendant filed a dispute with the Missouri Workers' Compensation Determinations Review Board ("the Board"). *Id.* at 44. The Board determined "the entire payroll for [Defendant's] employees [who] paint aircraft that exceeds 30 feet in height is correctly classified to Code 5037… [T]he payroll correctly classified to Code 5037 is $76,620. The balance of painting payroll is correctly classified to Code 5474." Doc. #62-8 at 3.

To date, Defendant has paid $151,462.57 under the policy. Doc. #69, at 47. But Plaintiff believes it is owed additional premium based upon its calculations and audits, and filed this suit to recover that amount. Plaintiff moved for summary judgment on its breach of contract claim (Count I). Doc. #59. At the same time, Defendant sought summary judgment, asking the Court to find the Board's ruling was binding on Plaintiff. Doc. #61, at 8.

In June 2017, the Court dismissed this matter because Plaintiff failed to exhaust its administrative remedies, and thus, the Court lacked subject matter jurisdiction. The Court also denied the parties' summary judgment motions as moot. Doc. #71. Plaintiff appealed, arguing it had no obligation to exhaust its administrative remedies. The Eighth Circuit reversed and remanded the decision. Plaintiff's previously filed motion for summary judgment (Doc. # 59) is now ripe for consideration.

## II.     STANDARD

A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See generally Williams v. City of St. Louis*, 783 F.2d 114, 115 (8th Cir. 1986). "[W]hile the materiality determination rests on the substantive law, it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Thus, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."

*Wierman v. Casey's Gen. Stores*, 638 F.3d 984, 993 (8th Cir. 2011) (quotation omitted). In applying these standards, the Court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588-89 (1986); *Tyler v. Harper*, 744 F.2d 653, 655 (8th Cir. 1984), cert. denied, 470 U.S. 1057 (1985). However, a party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of the…pleadings, but…by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

### III.      DISCUSSION

Plaintiff argues it is entitled to summary judgment on its breach of contract claim because the uncontroverted facts show Defendant failed to pay the required premiums when due. "The elements of a breach of contract claim are: '(1) the existence of an enforceable contract between the parties; (2) mutual obligations arising under the terms of the contract; (3) one party's failure to perform the obligations imposed by the contract; and (4) resulting damage of the other party.'" *Lakeridge Enters., Inc. v. Knox*, 311 S.W.3d 268, 271 (Mo. App. W.D. 2010) (quoting *Mw. Bankcentre v. Old Republic Title Co. of St. Louis*, 247 S.W.3d 116, 128 (Mo. App. E.D. 2008)). The parties agree Plaintiff issued the insurance policy. An insurance policy is a contract. *United Fire & Cas. Co. v. Gravette*, 182 F.3d 649, 658 (8th Cir. 1999).

Plaintiff argues it is entitled to summary judgment because there are no genuine issues of fact as to Defendant owing additional premium, and Defendant failing to comply with the mandatory governing rules. Defendant argues Plaintiff's motion should be denied because there are genuine disputes of fact as to the proper allocation of its payroll, application of the residual market rules, and the calculation of how much, if any, premium is owed. Defendant also contends Plaintiff breached the contract.

The Court finds genuine issues of material fact prevent entry of summary judgment in favor of Plaintiff with regard to liability and damages on its breach of

3

contract claim.[1]  Accordingly, Plaintiff's motion for summary judgment on its breach of contract claim is denied.[2]

IV.     CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment is denied.

IT IS SO ORDERED.

                                                  /s/ Ortrie D. Smith
                                          ORTRIE D. SMITH, SENIOR JUDGE
DATE: November 6, 2018                UNITED STATES DISTRICT COURT

---

[1] According to Defendant, Plaintiff utilized documents in support of its motion that were not produced during discovery. The parties will be precluded from using documents at trial that were not produced during discovery. Fed. R. Civ. 26(a).

[2] Plaintiff argues it is entitled to prejudgment interest at nine percent per annum beginning on March 27, 2014, pursuant to Mo. Rev. Stat. § 408.020. This is an issue only the Court, not the jury, can decide. This issue will be addressed post-trial, if necessary.