IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

TRAVELERS PROPERTY CASUALTY )
COMPANY OF AMERICA, )
)
        Plaintiff, )
)
vs. )   Case No. 16-06084-CV-SJ-ODS
)
JET MIDWEST TECHNIK, INC., )
)
        Defendant. )

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO EXCLUDE AND STRIKE

Pending is Plaintiff's motion to exclude trial testimony and strike opinions of Defendant's expert, Paul Griffin. Doc. #87. For the following reasons, Plaintiff's motion is granted in part and denied in part.

### I.   STANDARD

The admission of expert testimony is governed by Rule 702 of the Federal Rules of Evidence.

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. The district court must make a "preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology can be applied to the facts in issue." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592-93 (1993). The Court uses a three-part test when determining the admissibility of expert testimony:

> First, evidence based on scientific, technical, or other specialized knowledge must be useful to the finder of fact in deciding the ultimate issue of fact. This is the basic rule of relevancy. Second, the proposed witness must be qualified to assist the finder of fact. Third, the proposed evidence must be reliable or trustworthy in an evidentiary sense, so that, if the finder of fact accepts it as true, it provides the assistance the finder of fact requires.

*Lauzon v. Senco Prods., Inc.*, 270 F.3d 681, 686 (8th Cir. 2001) (internal quotations and citations omitted). "Courts should resolve doubts regarding usefulness of an expert's testimony in favor of admissibility." *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 758 (8th Cir. 2006) (citations omitted).

## II. DISCUSSION

### A. Specialized Knowledge and Basic Subject Matter Competence

Defendant designated Paul Griffin to provide an opinion on the interpretation and application of the residual market rules. Plaintiff argues Griffin's testimony and opinions should be excluded because he lacks specialized knowledge and basic subject matter competence to assist the trier of fact. According to Plaintiff, Griffin is unqualified to render expert opinions in this case because he lacks any Missouri experience, education, or knowledge with respect to audits; Basic Manual rules in Missouri; state exception;, and the Scopes Manual as used in Missouri. Plaintiff maintains Griffin's only relevant knowledge, skill, experience, training, or education comes from his time as a National Council on Compensation Insurance (NCCI) inspector decades ago in other states.

Griffin started his career with NCCI in 1986 as a classification inspector. He inspected businesses in multiple states to determine if the classifications assigned by the carrier policies were accurate, and he recommended and notified carriers of the correct workers compensation classifications that should be assigned. Doc. #109-3, at 2. In addition to being a classification inspector, Griffin held many other positions at NCCI. *Id.* at 4. Since 2009, Griffin has been a consultant for Workers Compensation Consultants. *Id.* at 1. As a consultant, Griffin represents employers experiencing inaccuracies in workers compensation billings and audits regarding workers compensation classifications and misclassifications. *Id.*

2

Defendant argues Griffin is qualified by decades of knowledge, skill, training and experience to opine about NCCI's uniform rules, procedure rates, and whether Plaintiff's audit properly followed those rules and procedure rates. The Court has reviewed Griffin's reports and his deposition testimony. The Court finds Griffin is qualified to render an opinion. His opinion is based upon numerous types of evidence, which are set forth in his reports. Accordingly, Plaintiff's request to exclude Griffin's expert testimony on the basis of his specialized knowledge and basic subject matter competence is denied.

### B. Factual Basis of Testimony

Plaintiff also argues Griffin's testimony should be excluded because he has not reviewed any residual market application or deposition testimony, he does not know how the initial estimated premium was calculated, whether Plaintiff performed a preliminary audit, or what documents were provided to Plaintiff at the final audit. Essentially, Plaintiff contests the factual basis of Griffin's testimony. "As a general rule, the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination." *Synergetics*, 477 F.3d at 955-56 (citations omitted). An expert opinion should be excluded only if that "opinion is so fundamentally unsupported that it can offer no assistance to the jury." *Id.* at 956 (citation omitted); *see also W. Plains, L.L.C. v. Retzlaff Grain Co.*, No. 16-2650, 2017 WL 3722458, at *8 (8th Cir. Aug. 30, 2017). A party's dispute with the facts or documents upon which the expert relied (or did not rely) does not result in exclusion of the expert's testimony. *EFCO Corp. v. Symons Corp.*, 219 F.3d 734, 739 (8th Cir. 2000) (finding the district court did not err in admitting experts' conflicting testimonies, and leaving the jury to decide which expert's theory was sounder). The disagreeing party should utilize cross-examination to attack the expert's testimony. *Synergetics*, 477 F.3d at 956 (citations omitted).

At this time, the Court cannot conclude that Griffin's opinion is so fundamentally unsupported that it will not assist the jury. Accordingly, the Court denies Plaintiff's motion. It will be Plaintiff's responsibility to to examine the factual basis – or as Plaintiff's suggests, lack of factual basis – of Griffin's opinion during cross-examination.

### C. Not Helpful to the Trier of Fact

Plaintiff argues Griffin's testimony and opinions should be excluded because he has no opinions on whether Defendant owes additional premium or how much. Plaintiff contends these are the ultimate issues for the trier of fact to decide, and Griffin's testimony will leave the jury "hamstrung," without the information it needs to apply his conclusions to the facts of the case.

Both parties agree this case is about whether Defendant owes additional premium, and if so, how much premium it owes. Resolving these issues will require the jury to understand the residual market rules and apply them to the evidence. Griffin's opinions includes how Defendant's payroll should be allocated among the various classification codes, which is one of the main determinants of the premium. Therefore, the Court believes his opinions could assist the jury. The Court denies Plaintiff's motion to exclude Griffin's testimony and opinions on this basis.

### D. Opinions Contrary to Findings of the NCCI Inspection

Plaintiff argues all opinions contrary to the findings of the NCCI inspection should be excluded because Griffin concedes Plaintiff was and is required to follow the NCCI's findings. However, Defendant argues Griffin's opinions are not contrary to the findings of the NCCI inspection. According to Defendant, Griffin's opinions will help the jury understand "what the findings were and were not." This argument tests the factual basis of Griffin's opinion. For the reasons set forth *supra*, section II(B), Plaintiff's motion to exclude Griffin's testimony and opinions on this basis is denied.

### E. Determinations Review Board

In light of the Court's Order granting Plaintiff's Motion in Limine A (Doc. #97), Plaintiff's motion to exclude all testimony and opinions by Griffin regarding the involvement, findings, and decision of the Determinations Review Board is granted.

### F. Payroll Records Not Provided to Plaintiff's Auditor

Plaintiff argues Griffin's testimony and opinions based upon payroll records not provided to Plaintiff's auditor should be excluded because Griffin concedes the records had to be provided at the time of the audit, and records created or provided later are irrelevant. For the reasons set forth *supra*, section II(B), Plaintiff's motion to exclude Griffin's testimony and opinions on this basis is denied.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion is granted in part and denied in part. Based on the findings above, Plaintiff's Motions in Limine E and F, on which the Court previously deferred, are denied.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: January 17, 2019    UNITED STATES DISTRICT COURT