IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 16-06084-CV-SJ-ODS |
| JET MIDWEST TECHNIK, INC., | ) ) ) | |
| Defendant. | ) | |

### ORDER (1) GRANTING PLAINTIFF'S MOTION FOR AWARD OF STATUTORY PREJUDGMENT AND POSTJUDGMENT INTEREST, AND (2) AWARDING PLAINTIFF PREJUDGMENT AND POSTJUDGMENT INTEREST

On February 6, 2019, the jury returned a verdict in favor of Plaintiff in the amount of $416,714.00. Doc. #140. On February 12, 2019, Plaintiff filed a motion for award of statutory prejudgment and postjudgment interest. Doc. #141. For the reasons stated below, Plaintiff's motion is granted.

### I. PREJUDGMENT INTEREST

Plaintiff argues it is entitled to prejudgment interest at nine percent per annum from the premium due date, March 27, 2014. Docs. #141, 142. State law governs the issue of prejudgment interest in diversity actions. *See Reliance Ins. Co. v. Chitwood*, 433 F.3d 660, 665-66 (8th Cir. 2006). "Creditors shall be allowed to receive interest at the rate of nine percent per annum, when no other rate is agreed upon, for all moneys after they become due and payable, on written contracts…after they become due and demand of payment is made…." Mo. Rev. Stat. § 408.020.[1] Section 408.020 applies to insurance policies. *Schultz v. Queen Ins. Co.*, 399 S.W.2d 230, 236 (Mo. Ct. App. 1965). "Interest has traditionally been used to compensate for the use or loss of use of money to which a person is entitled." *Travelers Prop. Cas. Ins. Co. of Am. v. Nat'l*

---

[1] The parties cite and rely on Missouri law. The Court will do the same.

*Union Ins. Co. of Pittsburgh*, 735 F.3d 993, 1004-05 (8th Cir. 2013) (quoting *Catron v. Columbia Mut. Ins. Co.*, 723 S.W.2d 5, 7 (Mo. banc 1987)). Missouri courts award prejudgment interest if three elements are satisfied: (1) the expenses must be due and payable; (2) the claim must be liquidated or the amount of the claim must be reasonably ascertainable; and (3) the obligee must make a demand on the obligor for the amount due. *Barkley, Inc. v. Gabriel Bros., Inc.*, 829 F.3d 1030, 1039 (8th Cir. 2016) (quoting *Jablonski v. Barton Mut. Ins. Co.*, 291 S.W.3d 345, 350 (Mo. Ct. App. 2010)).

### A. Due and Payable

Prejudgment interest can only be awarded on "moneys after they become due and payable." Mo. Rev. Stat. § 408.020. Defendant argues no moneys were "due" under the terms of the insurance policy until resolution of the parties' disputes regarding interpretation and application of the residual market rules. Defendant claims it had the right to dispute Plaintiff's bill and had no obligation to pay disputed amounts.

"On a breach of a contract claim, interest ordinarily runs from the date of the breach or the time when payment was due under the contract." *Travelers Commercial Cas. Co. v. Vac-It-All Servs., Inc.*, 451 S.W.3d 301, 313 (Mo. Ct. App. 2014) (citation omitted). Here, the jury found Defendant breached the insurance contract by failing to pay the additional premium. The parties agree Plaintiff demanded the additional premium following the final audit by way of Plaintiff's March 7, 2014 invoice, which demanded Defendant pay the additional premium by March 27, 2014. Doc. #141-1. Therefore, the additional premium became due and payable on March 27, 2014.

### B. Liquidated or Reasonably Ascertainable

For an award of prejudgment interest, there must be a liquidated claim or the amount of the claim must be reasonably ascertainable. *McKinney v. State Farm Mut. Ins.*, 123 S.W.3d 242, 250 (Mo. Ct. App. 2003). "A liquidated claim is one which is fixed and determined or readily ascertainable by computation or a recognized standard." *Id.* (quoting *Schnucks Carrollton Corp. v. Bridgeton Health & Fitness, Inc.*, 884 S.W.2d 733, 740 (Mo. Ct. App. 1994)). The denial of prejudgment interest for unliquidated claims "is based, generally, on the idea that where the person liable does not know the amount he

owes he should not be considered in default because of failure to pay." *Fohn v. Title Ins. Corp. of St. Louis*, 529 S.W.2d 1, 5 (Mo. banc 1975). Missouri courts have held damages are not liquidated when the method used to calculate damages was genuinely disputed. *See Fohn*, 529 S.W.2d at 4, 5; *see also Ritter Landscaping, Inc. v. Meeks*, 950 S.W.2d 495, 497 (Mo. Ct. App. 1997). Missouri courts have also found damages to be unliquidated where the resolution of a claim or defense is necessary before damages can be calculated. *See Children Int'l v. Ammon Painting Co.*, 215 S.W.3d 194, 205 (Mo. Ct. App. 2006).

But Missouri courts have granted prejudgment interest, despite a dispute over the measure of damages, where the alternative measures offered by the defendant were not supported by evidence at trial. *McNeil v. City of Kan. City*, 459 S.W.3d 509, 517 (Mo. Ct. App. 2015) (affirming the decision to grant prejudgment interest when the amount of damages was disputed but the parties agreed on the proper method for calculating damages); *Comens v. SSM St. Charles Clinic Med. Grp., Inc.*, 335 S.W.3d 76, 81-82 (Mo. Ct. App. 2011) (affirming the decision to grant prejudgment interest because the defendant's suggested alternative measures to calculate damages were not supported by evidence); *Watters v. Travel Guard Int'l*, 136 S.W.3d 100, 104-05, 111 (Mo. Ct. App. 2004) (finding prejudgment interest was properly granted where the parties disputed liability but the amount of damages was "readily determinable and ascertainable by simple computation").

Defendant argues the claim was unliquidated because it disputed Plaintiff's claim and method of calculating the premium. According to Defendant, resolution of multiple issues regarding Missouri law as well as interpretation and application of the residual market rules was necessary before liability or damages could be ascertained. Defendant claims that through the time of trial, it did not know the amount it owed, if anything. Plaintiff opposes this argument, claiming its March 7, 2014 invoice provided the exact amount Defendant owed.

"The mere fact that a party denies liability or defends a claim against [it], or even the existence of a bona fide dispute as to the amount of the indebtedness, does not preclude recovery of interest." *Comens*, 335 S.W.3d at 82 (citations omitted). "To hold otherwise would allow the opposing party to accrue pecuniary benefit unfairly by the

3

simple expedient of producing conflicting estimates of value." *Id.* (citations omitted). Further, "[a]n exact calculation of damages need not be presented in order for the claim to be considered liquidated." *Macheca Transp. Co. v. Philadelphia Indem. Ins. Co.*, 737 F.3d 1188, 1197 (8th Cir. 2013) (quoting *Comens*, 335 S.W.3d at 82). "Damages may still be ascertainable, even in the face of a dispute over monetary value or the parties' experts compute different estimates of the loss." *Id.* (quoting *Comens*, 335 S.W.3d at 82).

Here, Defendant did not provide evidence supporting a different calculation of the loss. At trial, both parties agreed the proper measure of damages was the number of payroll dollars multiplied by the applicable rate, which is determined by the corresponding classification code. From March 2014 through the jury's verdict in February 2019, Plaintiff consistently maintained how much additional premium Defendant owed, and the evidence presented at trial supported Plaintiff's calculation. Under the circumstances, the amount of premium Defendant owed was readily ascertainable by recognized standards, and therefore, Plaintiff has satisfied the second element for an award of prejudgment interest. *See Jablonski*, 291 S.W.3d at 350-51.

### C. Demand for Payment

Defendant argues Plaintiff's March 7, 2014 invoice was not a demand for payment because Defendant advised Plaintiff of its right to dispute the invoice, and therefore, it was not obligated to pay the disputed amount. Defendant further contends the jury determined Plaintiff's March 7, 2014 invoice at trial was incorrect and did not reflect the final premium. Finally, Defendant maintains Plaintiff's March 7, 2014 invoice left doubt as to when and how much payment was due. Plaintiff argues the amount of premium Defendant owed was consistent. And Defendant's additional $65,000 payment after it received the March 7, 2014 invoice evidences the March 7, 2014 invoice was a demand for payment.

"The demand for payment need not be in any certain form, but it must be definite as to amount and time." *Ogg v. Mediacom, LLC*, 382 S.W.3d 108, 119 (Mo. Ct. App. 2012) (quoting *Rois v. H.C. Sharp Co.*, 203 S.W.3d 761, 767 (Mo. Ct. App. 2009)). Here, the March 7, 2014 invoice informed Defendant the "amount is due and payable

4

upon receipt of this invoice." Doc. #141-1.  Further, the invoice stated: "Payment must be received by March 27, 2014." *Id.*  Therefore, the March 7, 2014 invoice was  definite as to amount and time Defendant's payment was due.

It is not relevant the jury awarded less than the amount Plaintiff sought.  "That the ultimate award was less than the amount requested does not preclude an award of prejudgment interest on the ascertained damages." *Vac-It-All Services*, 451 S.W.3d at 313 (citing *Watters*, 136 S.W.3d at 111).  Therefore, Plaintiff's March 7, 2014 invoice is a demand for payment under Missouri law.

### D.  Equitable Principles of Fairness and Justice

Defendant argues if the Court finds prejudgment interest should be awarded, the amount should be substantially curtailed pursuant to equitable principles of fairness and justice.  "As a general rule, an award of prejudgment interest in a case where § 408.020 is applicable is not a matter of court discretion; it is compelled." *Emmenegger v. Bull Moose Tube Co.,* 324 F.3d 616, 624 (8th Cir. 2003) (citation and internal quotations omitted).  "Equitable principles of fairness and justice may not be considered when awarding prejudgment interest on a liquidated demand." *Id.* (quoting *Huffstutter v. Mich. Mut. Ins. Co.*, 778 S.W.2d 391, 395 (Mo. Ct. App. 1989)).

Defendant argues prejudgment interest should not begin to run until July 31, 2018, when the Eighth Circuit reversed this Court's dismissal of Plaintiff's lawsuit for lack of subject matter jurisdiction.  According to Defendant, prior to that time, "there plainly was a dispute and uncertainty as to the method used to calculate damages; specifically, whether the Review Board's ruling was binding on Travelers."  Doc. #143, at 7.  In the alternative, Defendant argues prejudgment interest should not begin to run until July 7, 2016, when  Plaintiff filed its Complaint.

Section 408.020 does not allow for equitable adjustments but mandates prejudgment interest at the fixed rate of nine percent from the time payment is due. Under the statute, prejudgment interest in actions for breach of contract accrues "from the date of the breach or the time when payment was due under the contract, not from the time when suit for breach of that contract was filed." *Emmenegger*, 324 F.3d at 624-25 (citations omitted).  To do as Defendant suggests – ordering no prejudgment interest

5

for more than two or four years after premium payment was due –-would frustrate the key purpose of prejudgment interest under Missouri law: "to compensate for the failure to pay a liquidated amount when due." *Prof'l Ins. Managers, Inc. v. RCA Mut. Ins. Co.*, 884 S.W.2d 332, 338 (Mo. Ct. App. 1994). Defendant has had the benefit of monies belonging to Plaintiff since 2014, and Plaintiff is entitled to compensation for its loss of use of those funds.

Plaintiff made a fixed demand for payment, money was due, and the amount was liquidated or reasonably ascertainable. Accordingly, Plaintiff's motion for prejudgment interest is granted. Plaintiff is entitled to prejudgment interest at a rate of nine percent, running from March 27, 2014, and ending on the date the final judgment is entered in this matter.

## II.     POSTJUDGMENT INTEREST

Plaintiff requests the Court's final judgment specifically provide for postjudgment interest in accordance with 28 U.S.C. § 1961(a). Defendant did not respond to Plaintiff's request for postjudgment interest. *See* Doc. #143. Federal law governs the issue of postjudgment interest. *Travelers Prop. Cas.*, 735 F.3d at 1007. "Interest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). The statute calculates postjudgment interest "from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding . . . the date of the judgment." *Id.* Accordingly, Plaintiff's motion for postjudgment interest is granted. Plaintiff is entitled to postjudgment interest at the legal rate set by 28 U.S.C § 1961 to accrue from the date the final judgment is entered by this Court.

## III.     CONCLUSION

For the foregoing reasons, Plaintiff's motion for prejudgment and postjudgment interest is granted. The Clerk of Court is directed to enter a final judgment awarding Plaintiff $416,714.00 from Defendant, with prejudgment interest at a rate of nine percent per annum from March 27, 2014, to accrue until the date of entry of the final judgment,

6

and postjudgment interest at the legal rate pursuant to 28 U.S.C. § 1961 to accrue from the date of the final judgment.

IT IS SO ORDERED.

DATE:  June 7, 2019
                                /s/ Ortrie D. Smith
                                ORTRIE D. SMITH, SENIOR JUDGE
                                UNITED STATES DISTRICT COURT